PHILLIP A. TALBERT
Acting United States Attorney
MIRA CHERNICK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAXMIKANTH BIYANI and AKSHAR PATEL,<br><br>Defendants. | CASE NO. 2:21-CR-00038-TLN<br><br>STIPULATION AND PROTECTIVE ORDER |

WHEREAS, the parties desire to prevent the unauthorized disclosure or dissemination of certain sensitive but unclassified discovery materials to anyone not a party to the court proceedings in this matter, or to defendants LAXMIKANTH BIYANI and AKSHAR PATEL in this case as provided below;

WHEREAS, the sensitive but unclassified discovery materials at issue include information pertaining to various victims in this case, including personal identifying information such as social security numbers, addresses, phone numbers, birthdates, and also including their personal financial information;

WHEREAS, such sensitive but unclassified discovery materials shall be identified as sensitive and subject to a protective order at the time of disclosure, whether on the documents or other materials (e.g., CDs/DVDs) themselves or in an accompanying cover letter;

WHEREAS, the parties agree that entry of a stipulated protective order is appropriate, and that a

private agreement is not appropriate in light of the nature of the information at issue and the charges in this case; and

WHEREAS, the defendants LAXMIKANTH BIYANI and AKSHAR PATEL, have counsel ("Defense Counsel") who wish the opportunity to review the discovery;

Defendants LAXMIKANTH BIYANI and AKSHAR PATEL and plaintiff United States of America, by and through their undersigned counsel of record, hereby agree and stipulate as follows:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

2. This Order pertains to all discovery provided to or made available to Defense Counsel that is identified as sensitive and subject to a protective order in this case (hereafter, collectively known as "the protected discovery").

3. Defense Counsel shall not disclose any of the protected discovery to any person other than the defendant, or attorneys, law clerks, paralegals, secretaries, experts, and investigators, involved in the representation of his client. At no time shall the defendant be permitted to review the protected discovery outside of the presence of his attorney. If the defendant is being held in custody, Defense Counsel shall not leave any of the protected discovery with defendant at the jail or other institution where the defendant is being held.

4. The protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose. The protected discovery is now and will forever remain the property of the United States Government. Defense Counsel will return the discovery to the Government or certify that it has been shredded or otherwise destroyed at the conclusion of the case, unless counsel believes he is otherwise required by ethical rule or opinion to retain the Protected Discovery. If counsel believes he or she is subject to an ethical rule or opinion requiring retention of the Protected Discovery, he or she shall notify the government of that decision and securely maintain that Protected Discovery consistent with the remaining terms of the Protective Order.

5. Defense Counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

6. If Defense Counsel releases custody of any of the protected discovery, or authorized

copies thereof, to any person described in paragraph (3), Defense Counsel shall provide such recipients with copies of this Order and advise each person, including the defendant, that the protected discovery is the property of the United States Government, that the protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the protected discovery may constitute a violation of law and/or contempt of court.

7. In the event that the defendant obtains substitute counsel, undersigned Defense Counsel agrees to withhold the protected discovery from new counsel unless and until substituted counsel agrees to be bound by this Order.

8. Defense Counsel shall be responsible for advising his client, employees, and other members of the defense team of the contents of this Stipulation/Order.

IT IS SO STIPULATED.

Dated:  March 1, 2021                              Respectfully submitted,

PHILLIP A. TALBERT
Acting United States Attorney

By:   /s/ *Mira Chernick*
MIRA CHERNICK
Assistant U.S. Attorney


By:   /s/ *Douglas J. Beevers*
DOUGLAS J. BEEVERS
Counsel for Laxmikanth Biyani

By:   /s/ *Timothy E. Warriner*
TIMOTHY E. WARRINER
Counsel for Akshar Patel

**ORDER**

IT IS SO FOUND AND ORDERED.

Dated: March 3, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE